UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
                                                                        :
FOOTBRIDGE LIMITED TRUST and                                            :
OHP OPPORTUNITY LIMITED TRUST,                                          :
                                                                        :
                    Plaintiffs,                                  :
                                                                        :
                    v.                                            :   09 CIV 4050 (PKC)
                                                                        :
COUNTRYWIDE HOME LOANS, INC.,                                           :
COUNTRYWIDE HOME LOANS SERVICING LP,                                    :
COUNTRYWIDE FINANCIAL CORP.,                                            :
COUNTRYWIDE SECURITIES CORP., CWABS, INC.,                              :
CWABS ASSET-BACKED CERTIFICATES TRUST                                   :   **ECF Case**
2006-SPS1, CWABS ASSET-BACKED CERTIFICATES                              :
TRUST 2006-SPS2, ANGELO R. MOZILO, DAVID                                :
SAMBOL, BANK OF AMERICA CORP., and                                      :
BAC HOME LOANS SERVICING, LP,                                           :
                                                                        :
                  Defendants.                                   :
                                                                        :
------------------------------------------------------------------------x


# DEFENDANT TRUSTS' SUPPLEMENTAL
# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANTS' JOINT MOTION TO DISMISS


COVINGTON & BURLING LLP

The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
(212) 841-1000

*Attorneys for Defendants CWABS Asset-Backed Certificates Trust 2006-SPS1 and CWABS Asset-Backed Certificates Trust 2006-SPS2*

**Table of Contents**

Table of Authorities ................................................................................................................. ii

Preliminary Statement............................................................................................................... 1

Plaintiffs' Allegations ............................................................................................................... 2

Argument .................................................................................................................................. 2

I.   Plaintiffs Fail to Allege a Single Misstatement or Omission by the Defendant
     Trusts.............................................................................................................................. 3

II.  Plaintiffs Fail to Plead a Single Particularized Fact Giving Rise to a Strong
     Inference of Scienter. .................................................................................................... 6

III. Plaintiffs Fail to Plead Reasonable Reliance or Loss Causation. ...................................... 7

Conclusion ................................................................................................................................ 7

## Table of Authorities

**Cases**                                                                                                 **Page(s)**

*Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*,
    No. 08 Civ. 7508 (SAS), 2009 WL 2828018 (S.D.N.Y. Sept. 2, 2009) ................................... 3

*Adelphia Recovery Trust v. Bank of America, N.A.*,
    624 F. Supp. 2d 292 (S.D.N.Y. 2009) ............................................................................... 5

*In re AstraZeneca Securities Litigation*,
    559 F. Supp. 2d 453 (S.D.N.Y. 2008) ............................................................................... 7

*In re BISYS Sec. Litig.*,
    397 F. Supp. 2d 430 (S.D.N.Y. 2005) ............................................................................... 5

*In re Citigroup, Inc. Securities Litigation*,
    330 F. Supp. 2d 367 (S.D.N.Y. 2004) ............................................................................... 7

*In re Cross Media Mktg. Corp. Sec. Litig.*,
    314 F. Supp. 2d 256 (S.D.N.Y. 2004) ............................................................................... 4

*DiVittorio v. Equidyne Extractive Industries, Inc.*,
    822 F.2d 1242 (2d Cir. 1987) ............................................................................................ 6

*Dura Pharms. v. Broudo*,
    544 U.S. 336 (2005) ......................................................................................................... 7

*Kalnit v. Eichler*,
    264 F.3d 131 (2d Cir. 2001) ........................................................................................ 2, 3

*In re Marsh & McLennan Cos. Securities Litigation*,
    No. 04 Civ. 8144, 2006 WL 2057194 (S.D.N.Y. July 20, 2006) ...................................... 7

*SEC v. Espuelas*,
    579 F. Supp. 2d 461 (S.D.N.Y. 2008) ............................................................................... 6

*Southland Sec. Corp. v. INSpire Ins. Solutions Inc.*,
    365 F.3d 353 (5th Cir. 2004) ............................................................................................ 4

**Statutes**

15 U.S.C. § 78u-4(b) (2009) .................................................................................................... 3

**Other Authorities**

Asset-Backed Securities, 70 Fed. Reg. 1506, 1516 (Jan. 7, 2005) ........................................... 5

Fed. R. Civ. Pro. 9(b) .......................................................................................................... 3, 4

Defendants CWABS Asset-Backed Certificates Trust 2006-SPS1 and CWABS Asset-Backed Certificates Trust 2006-SPS2 (collectively, the "Trusts") respectfully submit this supplemental memorandum of law in support of the joint motion to dismiss the Second Amended Complaint.

**Preliminary Statement**

The Trusts are pass-through entities formed in connection with the offering of mortgage-backed securities to collect mortgage payments, distribute them to the investors, and undertake other ministerial tasks. The Trusts were created simultaneously with the offering and have no assets other than the funds they collect and distribute to investors.

Notwithstanding the passive, pass-through nature of the Trusts, plaintiffs Footbridge Limited Trust and OHP Opportunity Limited Trust ("Plaintiffs"), two global hedge funds, have lumped the Trusts together with a group of seven other defendants against whom Plaintiffs allege false statements and omissions in connection with Plaintiffs' purchase of two offerings of mortgage-backed securities. On the basis of these allegedly false statements and omissions, Plaintiffs assert claims for federal securities fraud and common-law fraud against the Trusts.

None of the claims against the Trusts can stand. Nowhere in their 274-paragraph Second Amended Complaint do Plaintiffs identify so much as a single false statement or omission made by the Trusts. Instead, Plaintiffs' claims against the Trusts rely exclusively on generalized allegations against the group of nine defendants as a collective unit, overlooking the fact that the Trusts are passive, pass-through entities with limited duties that are irrelevant to the claims in the Second Amended Complaint. This type of conclusory, group pleading is insufficient to state a claim either for federal securities fraud or for common-law fraud.

1

**<u>Plaintiffs' Allegations</u>**

The Trusts incorporate by reference the factual background set forth in the Defendants' Joint Memorandum in Support of their Motion to Dismiss the Second Amended Complaint, which explains the limited and entirely passive roles of the Trusts in the securitizations at issue in this litigation. *See* Defendants' Joint Br. at 2-5.

To briefly restate the Trusts' role for ease of reference: In connection with the offering of mortgage-backed securities that Plaintiffs claim were issued fraudulently, the depositor, CWABS, Inc., transferred the mortgage loans at issue in this litigation to the Trusts for the benefit of the investors. Sec. Am. Compl. ¶ 61. The Trusts then played pass-through roles, acting as the "issuing entities" in selling certificates to Plaintiffs and other investors. *Id.* The Trusts collect the funds paid on the mortgages and distribute them in their entirety (less administrative costs) to the investors. *See* Sec. Am. Compl. ¶ 138; §§ 3.05 & 4.03, Pooling and Service Agreement for Asset Backed Certificates, Series 2006-SPS1, attached as Ex. 6 to Defendants' Joint Br.

Solely on the basis of these limited and passive roles, Plaintiffs' Second Amended Complaint alleges two causes of action against the Trusts. First, Plaintiffs allege that the Trusts made false statements and omissions in the offering documents for the mortgage-backed securities that Plaintiffs purchased, in violation of Section 10(b) of the Securities and Exchange Act (the "Exchange Act") and Rule 10b-5 promulgated thereunder. Second, on the basis of these same limited facts, Plaintiffs allege that the Trusts are liable for common-law fraud.

**<u>Argument</u>**

To state a claim both for federal securities fraud and for common-law fraud, Plaintiffs' allegations against the Trusts must include the following elements: (1) a materially false statement or omission; (2) scienter; (3) reliance; and (4) causation of damages. *See Kalnit*

2

*v. Eichler*, 264 F.3d 131, 138 (2d Cir. 2001); *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, No. 08 Civ. 7508 (SAS), 2009 WL 2828018, *6 (S.D.N.Y. Sept. 2, 2009) ("Because the elements of common law fraud under New York law are substantially identical to those governing Section 10(b), an identical analysis applies.") (citation omitted).  Scienter requires an intent to deceive, manipulate, or defraud, and must be alleged with particularity consistent with Fed. R. Civ. Pro. 9(b).  *See Kalnit*, 264 F.3d at 138.  Securities fraud claims are also subject to the strict pleading standards established by the Private Securities Litigation Reform Act, which requires that the complaint (1) specify each misleading statement; (2) set forth facts supporting the pleader's belief that the statement was misleading; and (3) describe with particularity facts giving rise to a "strong inference" that the defendant acted with scienter.  *See* 15 U.S.C. § 78u-4(b) (2009).  Plaintiffs have failed to satisfy these pleading standards.

**I.      Plaintiffs Fail to Allege a Single Misstatement or Omission by the Defendant Trusts.**

Plaintiffs collectively charge the Trusts, along with seven other defendants, with a litany of purported misrepresentations.  *See* Sec. Am. Compl. ¶¶ 67-135.  But the Second Amended Complaint does not identify even a single false statement or omission by the Trusts in its 274 paragraphs.

The defendants with whom Plaintiffs' group the Trusts and against whom Plaintiffs allege collective false statements and omissions include:  Countrywide Home Loans, Inc., Countrywide Home Loans Servicing LP, Countrywide Financial Corp., Countrywide Securities Corp., CWABS, Inc., and Countrywide executives Angelo R. Mozilo and David Sambol.  Plaintiffs refer to this group of nine defendants throughout the Second Amended Complaint using one of three defined terms:  the "Company," "Countrywide," or the "Countrywide Defendants."  The absence of any particular allegations in this approach undermines Plaintiffs' ability to satisfy the requirements of the Private Securities Litigation

3

Reform Act or of Fed. R. Civ. Pro. 9(b), and results in a Second Amended Complaint replete with absurd passages in which the use of the defined term "Countrywide" or the "Company" cannot possibly encompass the actions of the Trusts.  For example:

- "*Countrywide* regularly engaged in predatory lending practices in violation of federal or state laws and regulations."  Sec. Am. Compl. ¶ 91 (emphasis added).
- "*Countrywide* knew that by issuing unnecessarily risky and expensive loans to borrowers with poor credit histories and low incomes, *the Company* increased the likelihood that borrowers would default on their loans, thereby creating an adverse effect on Plaintiffs[.]"  Sec. Am. Compl. ¶ 123 (emphasis added).
- "*Countrywide's* servicing of its mortgage loans lagged behind the standards of the industry, contrary to its representations."  Sec. Am. Compl. ¶ 134 (emphasis added).

The flaw in this blunderbuss approach is exposed by substituting the term "Trusts" for the collective defined term — "Countrywide" or the "Company" — with which the Trusts have been grouped in the Second Amended Complaint.  For example, Plaintiffs do not, and cannot, allege that the Trusts ever engaged in any lending practices whatsoever, ever issued any loans to anyone, or ever serviced any loans for anyone.

Courts have held that this tactic, called "group pleading," did not survive the enactment of the Private Securities Litigation Reform Act.  *See, e.g.*, *Southland Sec. Corp. v. INSpire Ins. Solutions Inc.*, 365 F.3d 353, 365 (5th Cir. 2004) (rejecting the group pleading doctrine and requiring plaintiffs "to distinguish among those they sue and enlighten *each defendant* as to his or her particular part in the alleged fraud") (emphasis in original) (internal quotations and citations omitted); *In re Cross Media Mktg. Corp. Sec. Litig.*, 314 F. Supp. 2d 256, 262 (S.D.N.Y. 2004) (rejecting group pleading in securities fraud cases).  But to the extent

the tactic has continued viability, it is allowed only "if defendants had drafted, prepared or approved collectively a document and the defendants had knowledge and involvement in the everyday business of the company." *See Adelphia Recovery Trust v. Bank of America, N.A.*, 624 F. Supp. 2d 292, 316 (S.D.N.Y. 2009); *see also In re BISYS Sec. Litig.*, 397 F. Supp. 2d 430, 440-41 (S.D.N.Y. 2005) ("A plaintiff may invoke the group pleading doctrine against a defendant *only if* the plaintiff has alleged facts indicating that the defendant was a corporate insider or affiliate with direct involvement in the daily affairs of the company."). Otherwise, group pleading is improper and facially deficient.

Nowhere in their Second Amended Complaint do Plaintiffs allege that the Trusts had any involvement in drafting, preparing, or approving the offering documents for the mortgage-backed securities that Plaintiffs purchased. Nor can they, given the limited passive nature of the Trusts' roles as the issuing entities of the securities. Indeed, the passive nature of an "issuing entity" is so integral to the structure of mortgage-backed securities that the Securities and Exchange Commission ("SEC"), in a release accompanying Regulation AB (as in "Asset-Backed") published in the Federal Register, made it a requirement that issuing entities be passive:

> [T]he activities of the issuing entity *must be limited to passively owning or holding the pool of assets, issuing the asset-backed securities supported or serviced by those assets, and other activities reasonably incidental thereto*. . . . [W]e believe the limited function and permissible activities of the issuing entity are fundamental to the notion of a security that is to be backed solely by a pool of assets.

Asset-Backed Securities, 70 Fed. Reg. 1506, 1516 (Jan. 7, 2005) (emphasis added).

The Trusts are the very type of passive entity contemplated by the SEC. Thus, the Trusts hold as assets only mortgage loans, accounts holding proceeds of the loans and property acquired in foreclosure of its mortgage loans; the Trusts simply received whatever the depositor,

5

CWABS, Inc., chose to put in them. *See, e.g.*, Art. I (Definition of Trust Fund) of Pooling and Service Agreement for Asset-Backed Certificates, Series 2006-SPS1, attached as Ex. 6 to Countrywide Br.

Plaintiffs are undoubtedly aware of the Trusts' passive role because Plaintiffs fail to plead any facts that link the Trusts in any way to the allegedly misleading statements on which the Second Amended Complaint is based. *See DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1249 (2d Cir. 1987) (holding that group pleading is inappropriate where "[n]o allegations in the amended complaint are sufficient to describe any of [the grouped defendants] as insiders or affiliates, and there is no allegation linking any of them in any specific way to any fraudulent misrepresentation or omission"). In fact, Plaintiffs do not even allege that the Trusts were among the parties who signed the offering documents that contain the allegedly misleading statements. *See* Sec. Am. Compl. ¶ 63 (Trusts not included among parties who entered into the Pooling and Servicing Agreement) & ¶ 64 (Trusts not alleged to have signed the Preliminary Term Sheet or the Registration Statements for the Prospectus and Prospectus Supplement). The fraud claims against the Trusts should therefore be dismissed.

**II.    Plaintiffs Fail to Plead a Single Particularized Fact Giving Rise to a Strong Inference of Scienter.**

Without a single false statement or omission allegedly attributed to the Trusts, it is not surprising that Plaintiffs also fail to establish that the Trusts acted with scienter. Even assuming, however, that Plaintiffs could attribute alleged misstatements in the offering documents to the Trusts, Plaintiffs still must allege at a minimum *particularized* facts suggesting that each Trust was aware of the falsity of the statements challenged. *SEC v. Espuelas*, 579 F. Supp. 2d 461, 482 n.10 (S.D.N.Y. 2008) ("[T]he group pleading doctrine can only be invoked to attribute fraudulent statements to defendants, remaining wholly insufficient to plead scienter.");

6

*In re AstraZeneca Sec. Litig.*, 559 F. Supp. 2d 453, 472 (S.D.N.Y. 2008) ("The group pleading doctrine cannot apply to create a presumption of scienter as to individual defendants."); *In re Marsh & McLennan Cos. Sec. Litig.*, 501 F. Supp. 2d 452, 485 (S.D.N.Y. 2006) ("The mere existence of allegedly misleading language in a group-published document does not compel a conclusion that all of the signatories were aware that it was misleading.") (citation omitted); *In re Citigroup, Inc. Sec. Litig.,* 330 F. Supp. 2d 367, 381 (S.D.N.Y. 2004) (even if group pleading could be enough to link each individual defendant to the allegedly false statements, the plaintiff "must also allege facts sufficient to show that the Defendants had knowledge that the statements were false at the time they were made").

Plaintiffs do not even purport to state any allegations concerning the scienter of the Trusts. Their Second Amended Complaint fails to include this fundamental element of a securities fraud claim; their fraud claims should be dismissed.

### III.    Plaintiffs Fail to Plead Reasonable Reliance or Loss Causation.

Because Plaintiffs have not included a single misstatement or omission by the Trusts in the Second Amended Complaint, Plaintiffs do not — and, by extension, cannot — allege that they reasonably relied on any misstatements or omissions by the Trusts. For the same reason, Plaintiffs cannot establish that the Trusts caused the loss for which Plaintiffs seek damages. Moreover, Plaintiffs bear the burden of establishing that their losses were caused by the alleged misrepresentations, as opposed to greater market forces. *See Dura Pharms. v. Broudo*, 544 U.S. 336, 343 (2005) (holding that the lower price of plaintiff's securities may reflect changed economic circumstances, not an earlier misrepresentation).

### Conclusion

For all of the foregoing reasons, Plaintiffs' fraud claims against the Trusts must be dismissed in their entirety.

|  |  |
|---|---|
| Dated: New York, New York<br>September 18, 2009 | Respectfully submitted,<br><br>COVINGTON & BURLING LLP<br><br>By:  s/C. William Phillips<br>       C. William Phillips<br>       cphillips@cov.com<br>       David Z. Pinsky<br>       dpinsky@cov.com<br><br>The New York Times Building<br>620 Eighth Avenue<br>New York, New York 10018-1405<br>(212) 841-1000<br><br>*Attorneys for Defendants CWABS Asset-Backed Certificates Trust 2006-SPS1 and CWABS Asset-Backed Certificates Trust 2006-SPS2* |

8