UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FOOTBRIDGE LIMITED TRUST AND OHP OPPORTUNITY LIMITED TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS, INC., COUNTRYWIDE HOME LOANS SERVICING LP, COUNTRYWIDE FINANCIAL CORP., COUNTRYWIDE SECURITIES CORP., CWABS, INC., CWABS ASSET-BACKED CERTIFICATES TRUST 2006-SPS1, CWABS ASSET-BACKED CERTIFICATES TRUST 2006-SPS2, ANGELO R. MOZILO, DAVID SAMBOL, BANK OF AMERICA CORP., and BAC HOME LOANS SERVICING, LP,<br><br>Defendants. | Civil Action No. 09-cv-4050 (PKC)<br><br>ECF CASE<br><br>ORAL ARGUMENT REQUESTED |

### DECLARATION OF LORI LYNN PHILLIPS IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS

I, Lori Lynn Phillips, declare as follows:

1. I am an attorney at law, licensed to practice before all of the courts of the State of Washington, and I am admitted *pro hac vice* in the above-captioned case. I am a partner at the law firm of Orrick, Herrington & Sutcliffe LLP, attorneys of record for Defendant David Sambol. The facts described herein and exhibits hereto are properly considered on a motion to dismiss pursuant to Rule 201 of the Federal Rules of Evidence and the incorporation by reference doctrine.

2. Attached hereto as Exhibit A is a true and correct copy of the relevant excerpts of Countrywide's 2006 Form 10-K, filed with the SEC on March 1, 2007.

3. Attached hereto as Exhibit B is a true and correct copy of the relevant excerpts of the transcript for the May 24, 2005 Analyst Meeting.

4.   Attached hereto as Exhibit C is a true and correct copy of the relevant excerpts of the transcript for the March 30, 2006 Equity Investor Forum.

5.   Attached hereto as Exhibit D is a true and correct copy of the relevant excerpts of the transcript for the September 13, 2006 Fixed Income Investor Forum.

6.   Attached hereto as Exhibit E are true and correct copies of Mr. Sambol's Forms 4, filed with the SEC between January 1, 2006 and June 30, 2007.

7.   Attached hereto as Exhibit F is a true and correct copy of relevant excerpts of Countrywide's 2007 Proxy Statement, filed with the SEC on April 27, 2007.

8.   As indicated in the Forms 4 attached as Exhibit E, Mr. Sambol's sales of Countrywide common stock were made pursuant to trading plans entered into under Rule 10b5-1.

9.   As indicated in the Forms 4 attached as Exhibit E, Mr. Sambol sold 372,875 shares of Countrywide common stock between October 1, 2006 and June 30, 2007, the alleged nine-month insider trading period.

10.   As indicated in the Forms 4 attached as Exhibit E, Mr. Sambol sold 397,000 shares of Countrywide common stock between January 1, 2006 and September 30, 2006, the nine months preceding the alleged insider trading period.

11.   As indicated in the Forms 4 attached as Exhibit E, Mr. Sambol sold 349,500 shares of Countrywide common stock between October 1, 2006 and April 4, 2007.

12.   As indicated in the relevant portions of the 2007 Proxy Statement filed with the SEC on April 27, 2007 and attached as Exhibit F, Mr. Sambol owned 55,000 stock options and stock appreciation rights that vested between April 4, 2007 and June 30, 2007.

13.   As indicated in the relevant portions of the 2007 Proxy Statement filed with the SEC on April 27, 2007 and attached as Exhibit F, on April 4, 2007, Mr. Sambol beneficially owned 2,435,148 shares of Countrywide common stock, including shares subject to stock options or stock appreciation rights that were exercisable on or within 60 days of April 4, 2007.

14.   The 372,875 shares of Countrywide common stock Mr. Sambol sold between

October 1, 2006 and June 30, 2007 represented approximately 13.1% of the total number of shares available to Mr. Sambol during the alleged insider trading period (2,839,648). The total number of shares, 2,839,648, is calculated as follows:

    a. The sum of 2,435,148 (the number of shares beneficially owned by Mr. Sambol on April 4, 2007; Decl. ¶ 13) and 349,500 (the number of shares Mr. Sambol sold between October 1, 2006 and April 4, 2007; Decl. ¶ 11), which yields 2,784,648 (the number of shares Mr. Sambol would have held on April 4, 2007 had he not sold any shares after October 1, 2006).

    b. The sum of 2,784,648 (calculated above) and 55,000 (number of stock options and stock appreciation rights owned by Mr. Sambol that vested between April 4, 2007 and June 30, 2007; Decl. ¶ 12), which yields 2,839,648 shares (the number of shares Mr. Sambol would have held on June 30, 2007 had he not sold any shares after October 1, 2006).

15. As indicated in the Forms 4 attached as Exhibit E, Mr. Sambol received a grant of 137,489 restricted stock units and 510,205 stock appreciation rights on April 2, 2007.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Seattle, Washington, on this 17th day of September 2009.

                                              */s/ Lori Lynn Phillips*
                                              Lori Lynn Phillips

OHS West:260724972.3