# EXHIBIT G

SETH ARONSON (S.B. #100153)
saronson@omm.com
DAVID I. HURWITZ (S.B. #174632)
dhurwitz@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Attorneys for Defendant
Bank of America Corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARGENT CLASSIC CONVERTIBLE ARBITRAGE FUND L.P., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, et al.,<br><br>Defendants. | Case No. CV 07-07097 MRP (MANx)<br><br>**DEFENDANT BANK OF AMERICA CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE THIRD AMENDED CLASS ACTION COMPLAINT**<br><br>Date: March 16, 2009<br>Time: 10:00 a.m.<br>Courtroom: 12<br>Judge: The Hon. Mariana R. Pfaelzer |

In its Third Amended Complaint ("TAC") in this action, Plaintiff for the first time named Bank of America Corporation as a defendant without alleging any BAC act or conduct to support the claims against it. There is therefore no basis for naming BAC in this case, and the TAC must be dismissed as to BAC with prejudice as a matter of law.[1]

## ARGUMENT

BAC is not the issuer of the Debentures that are the subject of this case. Nor does the Complaint contain a single allegation of BAC wrongdoing. Even though Federal Rule 9(b) and the Private Securities Litigation Reform Act require the complaint to allege with particularity each defendant's role in the alleged fraud, the TAC does not allege a single allegedly actionable misstatement by BAC, any BAC role whatsoever in Countrywide Financial Corporation's ("Countrywide") alleged misconduct, or any other BAC act or conduct that allegedly violated the federal securities laws or state law. Rather—by Plaintiff's explicit admission—BAC "is sued herein in its capacity as the parent and successor-in-interest to Countrywide." TAC ¶ 24. Yet the TAC itself also concedes that the transaction through which BAC became Countrywide's parent corporation (the "Acquisition") closed in July 2008, many months after Countrywide's supposed fraud had allegedly come to light and the putative class period's November 27, 2007 end date. *See id.*

Plaintiff now seeks to hold BAC liable for Countrywide's alleged pre-Merger wrongdoing because it acquired Countrywide in a transaction in which Countrywide merged into a BAC subsidiary. Apart from allegations concerning the merger and a passing reference to BAC's relationship to Banc of America Securities, LLC,[2] the TAC is silent as to BAC. As a matter of law, however,

---

[1] In addition to the reasons for dismissal addressed in this memorandum, BAC also joins in and incorporates herein by reference the additional arguments for dismissal set forth in the motions to dismiss and supporting memoranda of law filed by Countrywide Financial Corporation and by the Individual Defendants. Unless otherwise specified, capitalized terms shall have the meaning ascribed to them in those motions.

[2] The TAC alleges that BAC is the "parent corporation of Bank of America

- 1 -  BAC'S MEMORANDUM ISO MOTION TO DISMISS CV 07-07097 MRP (MANX)

1  Countrywide's July 1, 2008 merger into a BAC subsidiary provides no basis
2  whatsoever for naming BAC, particularly in a purported class action where the
3  proposed class period ends seven months earlier.

4  "[A] parent is not liable for the [allegedly] wrongful conduct of its subsidiary
5  simply because the parent wholly-owns the subsidiary." *Bell Atlantic Bus. Sys. v.*
6  *Hitachi Data Sys. Corp.*, 1995 WL 32864, at *4 (N.D. Cal. Jan. 23, 1995). As the
7  district court in *Winner Chevrolet, Inc. v. Universal Underwriters Ins. Co*., 2008
8  WL 2693741 (E.D. Cal. July 1, 2008), observed, this principle is "deeply ingrained
9  in our economic and legal systems." *Id.* at *2 (citing *United States v. Bestfoods*,
10 524 U.S. 51, 61 (1998)); *accord Chill v. General Elec. Co.,* 101 F.3d 263, 268 (2d
11 Cir.1996) (dismissing securities fraud claims against parent corporation; "whether a
12 subsidiary defrauded plaintiffs and whether its parent . . . defrauded plaintiffs are
13 different questions").

14  *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp.2d 1248, 1277 (N.D.
15 Cal. 2000), illustrates this principle. In a transaction structured like the BAC's
16 Countrywide acquisition, HBO & Company ("HBOC") merged into a wholly-
17 owned McKesson subsidiary. *Id.* at 1276-77. Following the merger's closing,
18 McKesson restated its historic financial results after it discovered that pre-merger
19 HBOC had improperly booked contingent transactions as sales. Plaintiff sued
20 HBOC for violating Securities Exchange Act Section 10(b) and Rule 10b-5 and also
21 named McKesson based on, among other things, the allegation that McKesson was
22 HBOC's parent and "successor." *Id.* at 1276. Rejecting the very same argument
23 Plaintiff appears to be making here, the district court held that "[a] parent is not
24 vicariously liable for the [alleged] securities fraud of its subsidiary." *Id.* Rather,

---

Securities, LLC" ("BAS"), which was allegedly part of the "joint book running syndicate" that sold the Countrywide debentures at issue in this case and purportedly a "market maker" for the Debentures. TAC ¶ 25. But the TAC does not even name BAS or any of the other alleged joint bookrunning syndicate members, nor does the TAC allege that BAC did anything improper (let alone engaged in any wrongdoing) as result of its ownership of BAS.

- 2 -   BAC'S MEMORANDUM ISO MOTION TO DISMISS CV 07-07097 MRP (MANX)

1  the district court stated that plaintiff was required to allege a securities law violation
2  by McKesson itself in order to name it as a defendant in the case. *Id.* (citing *Chill*
3  *v. General Elec. Co.,* 101 F.3d 263, 268 (2d Cir.1996)); *see also Morgan v. Power*
4  *Timber Co.*, 367 F. Supp. 2d 1032, 1035 (S.D. Miss. 2005) (observing that the
5  "applicable law is clear that a parent corporation is not responsible for the pre-
6  acquisition liabilities of its wholly-owned subsidiary") (internal quotations
7  omitted); *Binder v. Bristol-Myers Squibb, Co.*, 184 F. Supp. 2d 762, 768-69 (N.D.
8  Ill. 2001) (finding a parent corporation not liable for its subsidiary's premerger
9  acts).

10  Like the acquiring corporation in *McKesson*, BAC has no potential liability
11  here for the supposed securities law violations of another corporation that allegedly
12  occurred many months before BAC's acquisition. Because Plaintiff has not alleged
13  any securities law violation or other misconduct whatsoever that would provide a
14  basis for naming BAC in this case, the TAC must be dismissed against BAC with
15  prejudice as a matter of law.

16  In any event, the TAC is defective as a matter of law and should be dismissed
17  for the reasons in the Countrywide Financial Corporation and the Individual
18  Defendants' motions to dismiss the Third Amended Complaint, which BAC joins.

19  Dated:        January 6, 2009            SETH ARONSON
                                             DAVID I. HURWITZ
20                                           O'MELVENY & MYERS LLP
21
22                                           By: /s/ Seth Aronson
                                                  Seth Aronson
23                                           Attorneys for Defendant
                                             Bank of America Corporation
24
25  LA2:877078.1
26
27
28

- 3 -                    BAC'S MEMORANDUM ISO MOTION TO
                         DISMISS CV 07-07097 MRP (MANX)