Case 1:09-cv-04050-PKC   Document 58   Filed 11/10/2009   Page 1 of 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FOOTBRIDGE LIMITED TRUST AND
OHP OPPORTUNITY LIMITED TRUST,

   Plaintiffs,

   v.

COUNTRYWIDE HOME LOANS, INC.,
*et al.*,

   Defendants.

Case No. 09 Civ. 4050 (PKC)

ECF CASE

ORAL ARGUMENT REQUESTED

---

**DEFENDANT ANGELO MOZILO'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND TO FILE THE THIRD AMENDED COMPLAINT**

David Spears
Monica Folch
Spears & Imes LLP
51 Madison Avenue
New York, New York 10010
(212) 213-6996

David Siegel, *pro hac vice*
A. Matthew Ashley, *pro hac vice*
Shaunt T. Arevian, *pro hac vice*
Holly Gershow, *pro hac vice*
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

Attorneys for Defendant Angelo Mozilo

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FOOTBRIDGE LIMITED TRUST AND
OHP OPPORTUNITY LIMITED TRUST,

   Plaintiffs,

   v.

COUNTRYWIDE HOME LOANS, INC.,
*et al.*,

   Defendants.

Case No. 09 Civ. 4050 (PKC)

ECF CASE

ORAL ARGUMENT REQUESTED

---

**DEFENDANT ANGELO MOZILO'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND TO FILE THE THIRD AMENDED COMPLAINT**

David Spears
Monica Folch
Spears & Imes LLP
51 Madison Avenue
New York, New York 10010
(212) 213-6996

David Siegel, *pro hac vice*
A. Matthew Ashley, *pro hac vice*
Shaunt T. Arevian, *pro hac vice*
Holly Gershow, *pro hac vice*
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

Attorneys for Defendant Angelo Mozilo

Defendant Angelo Mozilo respectfully submits this opposition to Plaintiffs' Motion for Leave to Amend and to File a Third Amended Complaint ("TAC").[1]

## INTRODUCTION

Plaintiffs' proposed TAC improperly names Mr. Mozilo as a defendant in the proposed new claims under the Securities Act of 1933 (the "1933 Act") even though counsel for Plaintiffs assured counsel for Mr. Mozilo, in writing, that Mr. Mozilo would not be so named. (*See* Declaration of A. Matthew Ashley ("Ashley Decl.") ¶ 3, Ex. B.) Given Plaintiffs' "100% confirmation" that Mr. Mozilo would not be included in the proposed amendment – a confirmation that was conveyed to this Court in writing without contradiction by Plaintiffs – the motion for leave to amend should be denied as to Mr. Mozilo.

Plaintiffs' Motion also should be denied because Plaintiffs' proposed new 1933 Act claims are clearly time-barred as to Mr. Mozilo. Relying on *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), Plaintiffs claim that the statute of limitations on their 1933 Act claims were tolled by the *Luther* action. However, *American Pipe* tolling does not apply to Mr. Mozilo, not just because of the reasons articulated in Defendants' Joint Brief in opposition to the motion for leave to amend, but also because Mr. Mozilo is not and never was a defendant in *Luther*. Because *Luther* was filed more than two years ago (thus establishing inquiry notice), the 1933 Act's one year statute of limitations has long since run as to Mr. Mozilo. Any amendment would thus be futile as to Mr. Mozilo. This futility infects the entire proposed TAC, including the scores of new fraud and 1934 Act allegations that Plaintiffs impermissibly add (and delete) under the guise of amending their 1933 Act claims.

---

[1] Mr. Mozilo also joins in and incorporates by reference to the extent applicable Defendants' Joint Brief in opposition to Plaintiffs' motion for leave to amend.

For all of these reasons as well as the reasons set forth in Defendants' Joint Brief, the motion for leave to amend should be denied.

## BACKGROUND

On October 14, 2009, Plaintiffs submitted a pre-motion letter to the Court requesting permission to file a motion for leave to amend their complaint for the third time. (Ashley Decl. ¶ 2, Ex. A.) Plaintiffs' request was expressly limited to adding claims under the 1933 Act. (*Id.*) Plaintiffs contended they were deciding to "opt out" of the *Luther* case, a California state court class action asserting 1933 Act claims that was filed in November 2007. (*Id.*) Plaintiffs argued that they were entitled to tolling of these otherwise time-barred claims in light of their status as absent class members in *Luther*. (*Id.*) However, as Plaintiffs admitted in their pre-motion letter (and admit again in their motion for leave to amend), Mr. Mozilo is not, and has never been, a defendant in *Luther*.[2] (*Id.* at 3 n.1; *see also* Memorandum of Law in Support of Plaintiffs' Motion for Leave to Amend, at 4 n.3.) Consequently, the 1933 Act claims were never tolled as to Mr. Mozilo.

In an e-mail dated October 16, 2009, counsel for Mr. Mozilo asked Plaintiffs' counsel to confirm in writing that Plaintiffs' requested amendment to add 1933 Act claims did not apply to Mr. Mozilo. Plaintiffs' counsel gave this confirmation. The e-mail exchange, which occurred over three days, is set out in full below:

> Matt Ashley (counsel for Mr. Mozilo): I'm in receipt of your October 14 letter to Judge Castel seeking leave to amend to add *Luther* claims to the Footbridge case. As you are aware, Mr. Mozilo is not a defendant in *Luther*. Therefore, we assume

---

[2] There is good reason why Mr. Mozilo is not a defendant in *Luther*. As with the securitizations at issue in this case, Mr. Mozilo was not an officer or director of any of the companies involved in the *Luther* securitizations, Mr. Mozilo did not sign any of the securitization documents, and Mr. Mozilo did not make any statements – let alone any misstatements – relating to the securitizations.

> that the relief Footbridge seeks does not apply to Mr. Mozilo. If our assumption is incorrect, please let us know.
>
> Dan Brockett (counsel for Plaintiffs): I think what you say is true.
>
> Matt Ashley: Thanks, Dan. Please give us 100% confirmation by Monday morning. It will determine whether we file a letter of our own with Judge Castel. Have a great weekend.
>
> Dan Brockett: We do not intend to add Mozilo as a defendant on the 1933 Act claims.

(Ashley Decl. ¶ 3, Ex. B (emphasis in original).)

Based upon this exchange, on October 19, 2009, Mr. Mozilo's counsel advised the Court that: "Plaintiffs' counsel has confirmed that Plaintiffs' request [for leave to add claims under the 1933 Act] does not pertain to Mr. Mozilo, who is not now and never was a party to the *Luther* class action proceeding in California state court." (Ashley Decl. ¶ 4, Ex. C.) Plaintiffs' counsel, who was copied, did not respond. In fact, Plaintiffs responded to issues raised by other defendants but did not copy Mr. Mozilo on that response, further demonstrating that Plaintiffs' requested amendment did not pertain to Mr. Mozilo. (Ashley Decl. ¶ 5, Ex. D.)

On October 30, 2009, in contravention of their agreement not to seek leave as to Mr. Mozilo, Plaintiffs filed a proposed TAC directing their time-barred 1933 Act claims at all defendants, including Mr. Mozilo. (*See* TAC at 1 (defining "Individual Defendants" to include Mr. Mozilo), and ¶¶ 50, 342-43, 345-47.)

## ARGUMENT

I. Plaintiffs' Requested Amendment Exceeds The Scope Of Their Representations To Mr. Mozilo And To This Court And Should Be Denied On That Ground Alone

A court has the discretion to preclude an amendment that exceeds the scope of amendment permitted by the court. *Kuntz v. New York State Bd. of Elections*, 924 F. Supp. 364, 367-68 (N.D.N.Y. 1996) (dismissing claims in an amended complaint that exceeded the scope of

permissible amendment per the court's prior instruction); *Love v. The Mail on Sunday*, 473 F. Supp. 2d 1052, 1059 (C.D. Cal. 2007) (noting that the court dismissed *sua sponte* defendant from the action because plaintiff's attempt to join her exceeded the scope of amendment permitted by the court's prior order); *Pantazis v. Fior D'Italia, Inc.*, No. C 94-1094-FMS, 1994 WL 519469, *8 (N.D. Cal. Sept. 20, 1994) (dismissing claims in first amended complaint that exceeded the scope of amendment permitted by court's prior order). The result should be no different here. Plaintiffs agreed that the scope of their amendment would not include Mr. Mozilo, and that agreement was conveyed to this Court in writing. Plaintiffs should not be permitted to renege on that agreement now.

II.   Mr. Mozilo Cannot Be Added To The 1933 Act Claims Because They Are Time-Barred As To Him

Plaintiffs' motion for leave to amend should be denied on the independent ground that the proposed new 1933 Act claims are futile as to Mr. Mozilo. *See Crowley v. VisionMaker, LLC*, 512 F. Supp. 2d 144, 154-55 (S.D.N.Y. 2007) (denying leave to amend because amendment would be futile and would not withstand a motion to dismiss); *Earl v. Novartis Consumer Health, Inc.*, No. 07 Civ. 9595(RMB), 2008 WL 4274468, at *2 (S.D.N.Y. Sept. 12, 2008) ("A district court may properly deny a motion to amend when it finds that amendment would be futile.") (citation omitted). The 1933 Act claims are clearly time-barred as to Mr. Mozilo.

The applicable statute of limitations on the proposed 1933 Act claims is one year from the date of inquiry notice. 15 U.S.C. § 77m; *Dodds v. Cigna Sec. Inc.*, 12 F.3d 346, 349-50 (2d Cir. 1993). No one disputes that the *Luther* case was filed over two years ago. (*See* Memorandum of Law in Support of Plaintiffs' Motion for Leave to Amend, at 3.) Obviously, inquiry notice began at least by the time the *Luther* complaint was filed, so absent tolling, the 1933 Act claims are time-barred.

To avoid this result, Plaintiffs rely on *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974). Plaintiffs claim that, under *American Pipe*, the limitations period on the 1933 Act claims was tolled by the *Luther* class action. (*See* Memorandum of Law in Support of Plaintiffs' Motion for Leave to Amend, at 10-14.) However, even if *American Pipe* could be used to alter the statute of limitations for a subsequent federal action because of a prior pending state action, where Federal Rule of Civil Procedure 23 has no application, *the tolling cannot apply to Mr. Mozilo because he has never been a defendant in Luther. American Pipe* simply has no application to Mr. Mozilo. *Arneil v. Ramsey*, 550 F.2d 774, 782 n.10 (2d Cir. 1977) ("[N]othing in *American Pipe* suggests that the statute be suspended from running in favor of a person not named as a defendant in the class suit, and we decline so to extend the rule. A different conclusion would not comport with reason."), *overruled on other grounds by Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 348, 350 (1983); *Earl*, 2008 WL 4274468, *4 (denying motion for leave to amend as futile because "the statute of limitations cannot be suspended from running in favor of a person not named as a defendant in [a] class suit" (quoting *Arneil*, 550 F.2d at 782 n.10)).

In sum, Plaintiffs should not be permitted to file obviously time-barred 1933 Act claims against Mr. Mozilo. Consequently, Plaintiffs' request for leave to file a TAC should be denied.

As set forth in more detail in the Joint Brief, it also should be noted that Plaintiffs improperly attempt to use the TAC to shore up their deficient 1934 Act and common law fraud allegations. This is impermissible, particularly as to Mr. Mozilo. After considering detailed pre-motion letters addressing Plaintiffs' 1934 Act and fraud claims, this Court granted Plaintiffs leave to file the operative Second Amended Complaint ("SAC") to address the alleged deficiencies in Plaintiffs' fraud allegations. (Ashley Decl. ¶ 6, Ex. E (July 14, 2009 Order).)

That SAC was filed pursuant to this Court's Order on August 4, 2009, and extensive motions to dismiss and opposition briefs already have been filed. This Court never granted Plaintiffs leave to file yet another amended complaint adding (and deleting) scores of fraud allegations, which is precisely what Plaintiffs have attempted to do with the proposed TAC. Because Plaintiffs are legally barred from amending to add 1933 Act claims against Mr. Mozilo, they have no basis for amending to add or delete any facts at all as to him. The SAC remains the only pertinent complaint as to Mr. Mozilo.

## CONCLUSION

For all of the foregoing reasons and those stated in the Joint Brief, Mr. Mozilo respectfully requests that the Court deny Plaintiffs' motion for leave to amend.

Dated: November 10, 2009
New York, NY

SPEARS & IMES LLP

By: /s/ David Spears
David Spears
Monica Folch
51 Madison Avenue
New York, New York 10010
(212) 213-6996

and

IRELL & MANELLA LLP
David Siegel, *pro hac vice*
A. Matthew Ashley, *pro hac vice*
Shaunt T. Arevian, *pro hac vice*
Holly Gershow, *pro hac vice*
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

Attorneys for Defendant Angelo Mozilo