UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------

FOOTBRIDGE LIMITED TRUST AND
OHP OPPORTUNITY LIMITED TRUST,

        Plaintiffs,

        v.

COUNTRYWIDE HOME LOANS, INC.,
*et al.*,

        Defendants.

------------------------------------------------

Case No. 09 Civ. 4050 (PKC)

ECF CASE

ORAL ARGUMENT REQUESTED

## DECLARATION OF A. MATTHEW ASHLEY IN SUPPORT OF DEFENDANT ANGELO MOZILO'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND TO FILE THE THIRD AMENDED COMPLAINT

David Spears
Monica Folch
Spears & Imes LLP
51 Madison Avenue
New York, New York 10010
(212) 213-6996

David Siegel, *pro hac vice*
A. Matthew Ashley, *pro hac vice*
Shaunt T. Arevian, *pro hac vice*
Holly Gershow, *pro hac vice*
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

Attorneys for Defendant Angelo Mozilo

# DECLARATION OF A. MATTHEW ASHLEY

I, A. Matthew Ashley, declare under penalty of perjury under the laws of the United States of America and pursuant to 28 U.S.C. Section 1746 as follows:

1.      I am a partner at the law firm of Irell & Manella LLP, counsel of record for defendant Angelo Mozilo in the above-entitled matter. I am a member in good standing of the State Bar of California and am admitted *pro hac vice* before the United States District Court for the Southern District of New York. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath. I make this declaration in support of Defendant Angelo Mozilo's Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to Amend and to File the Third Amended Complaint.

2.      Attached hereto as Exhibit A is a true and correct copy of Plaintiffs' pre-motion letter, which was submitted to the Court on October 14, 2009.

3.      Attached hereto as Exhibit B is a true and correct copy of an e-mail chain between me and Mr. Dan Brockett, counsel for Plaintiffs, which was sent on October 16, 2009 and October 19, 2009.

4.      Attached hereto as Exhibit C is a true and correct copy of Mr. Mozilo's pre-motion response letter, which was submitted to the Court and served on counsel for Plaintiffs on October 19, 2009. We submitted this letter to the Court in reliance upon Plaintiffs' representations in Exhibit B.

5.      Attached hereto as Exhibit D is a true and correct copy of Plaintiffs' pre-motion reply letter, which was submitted to the Court on October 20, 2009 in response to issues raised by defendants other than Mr. Mozilo. Plaintiffs did not serve Exhibit D on counsel for Mr. Mozilo.

6.     Attached hereto as Exhibit E is a true and correct copy of the Court's July 14, 2009 order granting Plaintiffs leave to file the operative Second Amended Complaint.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 10, 2009, at Newport Beach, California.

_____
A. Matthew Ashley

# EXHIBIT A

**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100

October 14, 2009

<u>VIA HAND DELIVERY</u>

The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:    *Footbridge Ltd. Trust v. Countrywide Home Loans, Inc.*, United States District Court for
the Southern District of New York, 1:09-cv-4050 (PKC)

Dear Judge Castel:

      We represent Plaintiffs Footbridge Limited Trust ("Footbridge") and OHP Opportunity
Limited Trust ("Opportunity") in the above-referenced action. Pursuant to this Court's
Individual Rules, we respectfully submit this letter to request a pre-motion conference with
regard to Plaintiffs' request for leave to file a Third Amended Complaint adding claims under
Sections 11, 12(2), and 15 of the Securities Act of 1933 (the "1933 Act").

      This is a securities fraud case filed in April 2009 against various Countrywide
defendants, former Countrywide officers and directors, and Bank of America Corporation. The
existing complaint—which has been amended once as a matter of course and once pursuant to
leave from the Court—alleges only fraud claims under SEC Rule 10b-5, common-law fraud, and
successor liability against Bank of America. It does not allege any claims under Sections 11,
12(2), or 15 of the 1933 Act. Plaintiffs' 1933 Act claims were actually brought nearly two years
ago as part of a putative class action in which Plaintiffs Footbridge and Opportunity are members
of the class. The class action, *Luther v. Countrywide Financial Corp.*, No. BC380698, is
pending in California state court and was recently stayed while the parties seek a declaratory

**quinn emanuel urquhart oliver & hedges, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44-20-7653-2000 FAX +44-20-7653-2100

ruling in federal court on the issue of whether SLUSA preempts the state court forum. The Plaintiffs in *Luther* only recently filed their declaratory judgment action in federal court, on August 24, 2009, and no briefing schedule has been set, nor has any discovery been taken. Indeed, after nearly two years of litigation, the *Luther* case has barely progressed and the parties are months, if not years, away from any ruling on class certification.

As a consequence of recent developments in the *Luther* action, Plaintiffs Footbridge and Opportunity now wish to exercise their right to "opt out" of the *Luther* class action and to assert their Section 11, 12(2) and 15 claims in their individual capacities in this case. Even though this case is only six months old and no discovery has been taken, Defendants object to the proposed amendment, which merely seeks to transfer Plaintiffs' 1933 Act claims from one pending federal action to another. In light of Defendants' refusal to stipulate to the amendment, Plaintiffs now seek leave of court to amend their complaint to add these 1933 Act claims.

The background is as follows:

### The *Luther* Class Action

Since November 2007, a class action lawsuit captioned *Luther v. Countrywide Financial Corp.*, No. BC380698, has been pending in California Superior Court in Los Angeles. *Luther* asserts claims pursuant to Sections 11, 12(a)(2), and 15 of the 1933 Act against various Countrywide entities, former officers, and underwriters for misstatements in registration statements governing certain mortgage-backed securities issued by Countrywide. The *Luther* complaint did not assert Rule 10b-5 or fraud claims, only strict liability and negligence claims under the 1933 Act. The putative *Luther* class consists of persons or entities who purchased or otherwise acquired mortgage-backed securities in certain Countrywide offerings.

The original *Luther* class action was filed on November 14, 2007. On June 12, 2008, a related securities class action was filed against Countrywide in California Superior Court, captioned *Washington State Plumbing v. Countrywide Financial Corp.*, No. BC392571. As with *Luther*, this action alleged only 1933 Act claims against Countrywide and other defendants, but it included an expanded list of mortgage-backed securities offerings. The two Countrywide securitizations in which Plaintiffs Footbridge and Countrywide invested, and that are the subject of this action—Asset-Backed Certificates, Series 2006-SPS1 (the "SPS1 Securitization") and Asset-Backed Certificates, Series 2006-SPS2 (the "SPS2 Securitization")—were specifically identified in the *Washington State Plumbing* complaint, and the Plaintiff hedge funds in this case were included as members of the putative class.

On September 9, 2008, the *Luther* complaint was amended to include the offerings in the *Washington State Plumbing* action, including the SPS1 and SPS2 Securitizations at issue here. On October 16, 2008, the *Luther* action was consolidated with *Washington State Plumbing*. The consolidated *Luther* complaint asserts 1933 Act claims on behalf of a class of investors that

expressly includes the Plaintiffs in this action.[1]  However, the consolidated *Luther* complaint
does not assert claims under Rule 10b-5 or common-law fraud.  The consolidated *Luther*
complaint is attached to this letter.

### Opting out of the *Luther* Class Action

After careful consideration, Plaintiffs Footbridge and Opportunity have decided to
exercise their right to "opt out" of the *Luther* class with respect to their 1933 Act claims arising
from the SPS1 and SPS2 Securitizations.  The Supreme Court has held that the filing of a class
action tolls the statute of limitations for members of the class until the class certification ruling.
*American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974).  Thus, the statute of limitations
on Plaintiffs' 1933 Act claims has been tolled since the time these claims were asserted as part of
the *Luther/Washington State Plumbing* class action.  More recently, in *In re Worldcom Securities
Litigation*, 496 F.3d 245, 255 (2d Cir. 2007), the Second Circuit extended the *American Pipe*
tolling doctrine to class members who choose to file individual suits *before* class certification is
resolved.

Accordingly, Plaintiffs have an absolute right to opt out of the *Luther* class action and to
file an individual action on their 1933 Act claims even before a ruling on class certification.

### Leave to Amend Should Be Granted

Courts in the Southern District have long recognized "the liberal standard for amending
pleadings set forth in Fed. R. Civ. P. 15(a)." *Glusband v. Fittin Cunningham Lauzon, Inc.*, 582
F.Supp. 145, 151-152 (S.D.N.Y. 1984).  Under Rule 15(a) of the Federal Rules of Civil
Procedure, "a court should freely give leave [to amend a pleading] when justice so requires,"
Fed. R. Civ. P. 15(a)(2), "to provide maximum opportunity for each claim to be decided on its
merits rather than on procedural technicalities." *State Farm Mut. Auto. Ins. Co. v. CPT Med.
Servs., P.C.*, 246 F.R.D. 143, 146 (E.D.N.Y. 2007).  "Only 'undue delay, bad faith, or dilatory
motive on the part of the movant, repeated failure to cure deficiencies by amendments previously
allowed, undue prejudice to the opposing party . . . [or] futility of the amendment' will serve to
prevent an amendment prior to trial." *Mathon v. Marine Midland Bank, N.A.*, 875 F.Supp. 986,
1002 (E.D.N.Y. 1995) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The requested amendment is not unduly delayed because the *Footbridge* action is still in
its preliminary stages—the Complaint was only filed six months ago.  Moreover, Defendants
will not be prejudiced by allowing Plaintiffs' Section 11, 12 and 15 claims to be added to this
litigation.  These are not new claims; Defendants have known about Plaintiffs' 1933 Act claims
for years because they were asserted in the *Luther* class action.  The proposal here is simply to
transfer the claims from one pending federal action to another.  No discovery has been taken, and
the 1933 Act claims will rest largely on the same factual allegations as those already alleged in
Plaintiffs' Second Amended Complaint.  The addition of these claims will not significantly delay

---

[1]  Notably, all Defendants in the *Footbridge* action are also named defendants in the *Luther*
action, except for Countrywide Home Loans Servicing LP, Angelo Mozilo, Bank of America
Corporation, and BAC Home Loans Servicing, LP.

the proceedings or affect Defendants' conduct in discovery or trial preparation. Conversely, if leave to amend is denied, Plaintiffs would be deprived of their absolute right under Supreme Court and Second Circuit precedent to opt out of the *Luther* class and to bring these claims individually.

It is true that this Court previously granted leave—once—for Plaintiffs to amend their Complaint to add new facts or claims, and that Plaintiffs could have asserted their 1933 Act claims as part of the Second Amended Complaint. However, at the time Plaintiffs filed their Second Amended Complaint (August 4, 2009), they had not yet made the decision to opt out of the *Luther* class action. That decision was made only recently after further analysis and discussion and after witnessing recent events in *Luther* case, including a stay of the state court class action and the filing of a declaratory judgment action in federal court. Plaintiffs are acting expeditiously and bringing these developments to the attention of the Defendants and the Court at the earliest possible opportunity.

The addition of the 1933 Act claims is not tactical in any respect. Plaintiffs are willing to keep the current briefing schedule for the Rule 10b-5 and common-law claims and to add the 1933 Act claims only after current briefing has been completed (assuming that is acceptable to the Court and the Defendants, who can then move to dismiss the 1933 Act claims as part of a later motion if they are so inclined). On the other hand, it may be more efficient to grant Plaintiffs leave to interpose the new claims now in a Third Amended Complaint and then set a revised briefing schedule, so that all of Defendants' arguments against the Third Amended Complaint can be addressed in a single motion.

Respectfully submitted,

Daniel L. Brockett

cc:     Defendants' counsel (via e-mail)

Enclosures

4

# EXHIBIT B

Case 1:09-cv-04050-PKC    Document 59    Filed 11/10/2009    Page 10 of 24

Footbridge v. Countrywide et al.                                    Page 1 of 2

## Ashley, Matt

**From:**    Dan Brockett [danbrockett@quinnemanuel.com]
**Sent:**    Monday, October 19, 2009 11:34 AM
**To:**      Ashley, Matt
**Cc:**      DSpears@spearsimes.com; Arevian, Shaunt
**Subject:** RE: Footbridge v. Countrywide et al.

We do not intend to add Mozilo as a defendant on the 1933 Act claims.

---

**From:** Ashley, Matt [mailto:MAshley@irell.com]
**Sent:** Friday, October 16, 2009 6:29 PM
**To:** Dan Brockett
**Cc:** DSpears@spearsimes.com; Arevian, Shaunt
**Subject:** RE: Footbridge v. Countrywide et al.

Thanks, Dan.  Please give us 100% confirmation by Monday morning.  It will determine whether we file a letter of our own with Judge Castel.

Have a great weekend.

Matt Ashley

---

**From:** Dan Brockett [mailto:danbrockett@quinnemanuel.com]
**Sent:** Friday, October 16, 2009 2:00 PM
**To:** Ashley, Matt
**Cc:** DSpears@spearsimes.com; Arevian, Shaunt
**Subject:** RE: Footbridge v. Countrywide et al.

I think what you say is true

---

**From:** Ashley, Matt [mailto:MAshley@irell.com]
**Sent:** Friday, October 16, 2009 2:21 PM
**To:** Dan Brockett
**Cc:** DSpears@spearsimes.com; Arevian, Shaunt
**Subject:** Footbridge v. Countrywide et al.

Hi Dan.

I'm working with Dave Siegel on Mr. Mozilo's defense of the above matter.  I'm in receipt of your October 14 letter to Judge Castel seeking leave to amend to add *Luther* claims to the Footbridge case.  As you are aware, Mr. Mozilo is not a defendant in *Luther*.  Therefore, we assume that the relief Footbridge seeks does not apply to Mr. Mozilo.  If our assumption is incorrect, please let us know.

Thanks.

Matt Ashley

ccmailg.irell.com made the following annotations

Footbridge v. Countrywide et al.                                        Page 2 of 2

---------------------------------------------------------------

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

---------------------------------------------------------------

ccmailg.irell.com made the following annotations

---------------------------------------------------------------

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

---------------------------------------------------------------

11/5/2009

# EXHIBIT C

**SPEARS & IMES** LLP

51 Madison Avenue
New York, NY 10010
tel 212-213-6996
fax 212-213-0849

David Spears
tel 212-213-6991
dspears@spearsimes.com

October 19, 2009

<u>BY HAND</u>
Honorable P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

<u>Footbridge Limited Trust, *et al.* v. Countrywide Home loans, *et al.*,</u>
09 Cv. 4050 (PKC)

Dear Judge Castel:

     We represent Defendant Angelo Mozilo in this proceeding. I am writing in response to the letter sent to the Court on October 14, 2009 by counsel for Plaintiffs requesting a pre-motion conference to seek leave to file a Third Amended Complaint that would add claims under the Securities Act of 1933. Plaintiffs' counsel has confirmed that Plaintiffs' request does not pertain to Mr. Mozilo, who is not now and never was a party to the *Luther* class action proceeding in California state court.

                             Respectfully,

                             David Spears

cc:    All Counsel *(by email)*

# EXHIBIT D

**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100

October 20, 2009

**VIA FACSIMILE**

The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:     *Footbridge Ltd. Trust v. Countrywide Home Loans, Inc.*, United States District Court for
the Southern District of New York, 1:09-cv-4050 (PKC)

Dear Judge Castel:

On behalf of Plaintiffs Footbridge Limited Trust ("Footbridge") and OHP Opportunity
Limited Trust ("Opportunity"), we wish to submit this reply letter in response to the new issues
raised by Defendants in their letter of October 19,2009 opposing Plaintiffs' request for
permission to seek leave to file a Third Amended Complaint.

**Leave to Amend Should Be Granted**

Defendants argue that Plaintiffs' request for leave should be governed by the "good
cause" standard of Rule 16(b) rather than the more liberal standard for amending pleadings set
forth in Rule 15(a). But Rule 16(b)'s good cause standard applies only when the district court
has filed a Rule 16(b) pre-trial scheduling order setting a deadline for amending the pleadings.
The Court has done no such thing in this case. On July 14, 2009, the Court entered a handwritten
Order setting forth a briefing schedule for a motion to dismiss (copy attached). The Order also
contemplated that Plaintiffs would file a Second Amended Complaint by August 4, 2009, but
that was not equivalent to a deadline for amending the pleadings. Indeed, the Order expressly
contemplated that there could be further pleading amendments. (July 14, 2009 Order ¶ 4).

The parties did not meet and confer on the contents of a scheduling order and no party
submitted a report as required by Rule 16(f). The Order is not in the form of this Court's "Civil

**quinn emanuel urquhart oliver & hedges, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44-20-7653-2000 FAX +44-20-7653-2100

Case Management Plan and Scheduling Order," it does not contain the information required by the Court's standard case management plan, and it does not contain the information required by Federal Rule 16. *See* Fed Rule Civ. P. 16(3)(A) ("The scheduling order *must* limit the time to join other parties, amend the pleadings, complete discovery, and file motions.") (emphasis added). In short, the Court entered a briefing schedule, not a formal Rule 16(b) scheduling order, and Defendants' suggestion otherwise is disingenuous.

Plaintiffs' request to re-plead is therefore governed by Rule 15(a), which provides that leave to amend should be freely granted "when justice so requires." Justice so requires in this instance because: (1) this case is only 6 months old and no discovery has been taken; (2) Defendants make no argument whatsoever that they would be prejudiced by the amendment; (3) Plaintiffs are not "changing legal theories midstream," but simply transferring to this case claims that have been pending in the *Luther* class action for nearly two years; (4) Plaintiffs have a right under the Second Circuit's decision in *In re Worldcom Securities Litigation*, 496 F.3d 245, 255 (2d Cir. 2007) to opt out of the *Luther* class and assert their federal securities claims in an individual action; (5) it would be inefficient and wasteful to force Plaintiffs to file a separate action asserting their 1933 Act claims when these claims are logically and transactionally connected to the existing claims in this action; and (6) Plaintiffs are acting expeditiously in seeking leave to add these claims at an early stage of the litigation.

## Plaintiffs' Federal Securities Claims Are Not Time-Barred

Defendants also advance the novel theory that Plaintiffs should not even be permitted to file their motion for leave to amend because the proposed new claims are allegedly time-barred. According to the Defendants, the *federal* statute of limitations on Plaintiffs' *federal* securities claims was not tolled under the *federal* tolling doctrine of *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974) and *Worldcom* because the Luther class action was initially filed in California state court rather than federal court. This argument withers under scrutiny.

The issue here is whether the one-year *federal* statute of limitation set forth in Section 13 of the Securities Act of 1933 has been tolled on individual class members' *federal* causes of action that are pending in state court. Defendants cite no case holding that the federal tolling principles articulated in *American Pipe* and *Worldcom* do not govern in this situation. The Supreme Court has held that the same law should govern both a statute of limitation and the tolling principles that go along with it. *See, e.g., Board of Regents v. Tomanio*, 446 U.S. 478, 485 (1980). Thus, where the underlying claims are federal and the statute of limitations governing the claims is federal, federal tolling law will apply. *See, e.g., Clemens v. DaimerChrysler Corp.*, 534 F.2d 1017, 1025 (9th Cir. 2008) (tolling permitted within federal system in "federal question class actions"); *Friedman v. Wheat First Secs. Inc.*, 64 F. Supp. 2d 338, 344 (S.D.N.Y. 1999) ("After the Lampf Court established a uniform federal statute of limitations period for Section 10(b) claims, it follows a fortiori that federal tolling principles govern plaintiffs' Section 10(b) claims in this case."). As the *Luther* consolidated complaint asserts only federal claims, the tolling of those claims is governed by the federal class action tolling rules articulated in *American Pipe* and *Worldcom*.

2

The cross-jurisdictional tolling cases cited by Defendants are completely inapposite. The question in these cases is whether the class action tolling doctrine should apply across jurisdictions to state law claims. For example, does the filing of a nationwide class action in federal court in Massachusetts toll the statute of limitations for unnamed class members on *state law* claims in Alaska? Or, does the filing of a class action in Kansas toll the statute of limitations governing factually-similar *state law* claims in Ohio? Indeed, all of the cases cited by Defendants concern the tolling of a statute of limitation sounding in *state law* based on a pending class action in either another state court or a federal court sitting in diversity. In these situations, some courts have not applied the *American Pipe* tolling doctrine, but those cases have no applicability to the situation here involving federal securities claims and a federal statutory period of limitations.[1]

Defendants misconstrue *American Pipe* and *Worldcom*, contending that they "were explicitly based on the rationale that not tolling for such claims would increase litigation within the federal court system." (Letter at 4). To the contrary, the Second Circuit expressly rejected the contention that American Pipe was intended to reduce the number of suits or prevent "multiple actions in multiple forums":

> While reduction in the number of suits may be an incidental benefit of the *American Pipe* doctrine, **it was not the purpose of *American Pipe* either to reduce the number of suits filed**, or to force individual plaintiffs to make an early decision whether to proceed by individual suit or rely on a class representative. **Nor was the purpose of *American Pipe* to protect the desire of a defendant 'not to defend against multiple actions in multiple forums.'** The American Pipe tolling doctrine was created to protect class members from being forced to file individual suits in order to preserve their claims. It was not meant to induce class members to forgo their right to sue individually.

*In re WorldCom*, 496 F.3d at 256 (emphasis added).[2]

Nor is there any statement in *Worldcom* to suggest that its holding does not apply to state court class actions that allege federal causes of action. To the contrary, *Worldcom's* holding is

---

[1]  Defendants point out that some "federal courts *applying state law* have" declined to apply cross-jurisdictional tolling. (Defendants' Letter at p. 5, n. 2) (emphasis added). As Defendants concede, these were diversity cases in which the courts were applying state law tolling, not federal law, and are thus inapplicable to a federal question case. *See Wade v. Danek Medical, Inc.*, 182 F.3d 281, 287-88 (4th Cir. 1999) (federal court, sitting in diversity, would apply state law on equitable tolling in determining whether Virginia statute of limitations in products liability action was tolled during pendency of class action in federal court in another jurisdiction); *Clemens*, 534 F.3d at 1025 (federal court, sitting in diversity, applied state law to tolling question on breach of warranty action).

[2]  *See also Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 353 (1983) ("although a defendant may prefer not to defend against multiple actions in multiple forums once a class has been decertified, this is not an interest that statutes of limitations are designed to protect ... Other avenues exist by which the burdens of multiple lawsuits may be avoided; the defendant may seek consolidation in appropriate cases, and multidistrict proceedings may be available if suits have been brought in different jurisdictions. ") (internal citations omitted)

3

absolute: the limitation period for unnamed class members is tolled "until such time as they ceased to be members of the asserted class, notwithstanding that they also filed individual actions prior to the class certification decision." *Id.*

It merits emphasis that the securities class action in *Worldcom* also involved Section 11 claims under the 1933 Act, and the class action was initially brought in state court before being removed by defendants to federal court. As in *Worldcom*, the *Luther* class action was removed to federal court by Defendants on one occasion and was more recently re-filed in federal court as a declaratory judgment action. Indeed, during its two-year existence, the *Luther* case has spent nearly a year in federal court between the Central District of California and the Ninth Circuit.[3] If the removal of a securities class action was sufficient in *Worldcom* to toll the 1933 Act claims of unnamed class members, why isn't the removal of the *Luther* action to federal court likewise sufficient to toll Plaintiffs' claims? Defendants do not say. Although the *Luther* case was later remanded to state court and the declaratory judgment complaint has been dismissed, nothing in the *Worldcom* opinion suggests that tolling of class members' claims turns on whether the defendant is successful in removing the action to federal court.[4]

Finally, the *Luther* class action asserts only federal claims and was filed in state court only for strategic reasons. The concurrent jurisdiction provisions of the 1933 Act give investors the option of suing in either federal or state court. *See, e.g., New Jersey Carpenters Vacation Fund v. HarborView Mortgage Loan Trust*, 581 F. Supp. 2d 581, 583 (S.D.N.Y. 2008) ("The Securities Act of 1933 provides concurrent jurisdiction for securities cases arising under the Act meaning that a securities plaintiff may file its case in either State or federal court . . . .") While these claims are predominantly filed in federal court, some plaintiffs attorneys choose to file in state rather than federal court. Class counsel could easily have filed *Luther* in federal court, in which case there would be no question as to the tolling of Plaintiffs' 1933 Act claims. The federal tolling doctrine does not turn on whether the plaintiff chooses to file his *federal* claims in state or federal court?

Even assuming *arguendo* that California law applied, the result would be the same. The California Supreme Court follows *American Pipe* when it serves the twin purposes of efficiency of the litigation process and adequacy of notice to the defendant. *Jordan v. Eli Lilly*, 44 Cal. 3d 1103, 1121 (1988). Even without the *American Pipe* tolling doctrine, California recognizes equitable tolling for unnamed class members in circumstances similar to those at issue here. *Hatfield v. Halifax*, 564 F.3d 1177, 1184-85 (9th Cir. 2009), *citing Addison v. State*, 21 Cal. 3d 313, 146 Cal.Rptr. 224, 578 P.2d 941, 945 (1978).

---

[3]  Although, as Defendants' note, Judge Mariana Pfaelzer dismissed the declaratory judgment action on October 9, 2009, the issue of SLUSA preemption has not been definitively decided and it remains open to Defendants to continue to press this issue in state court. Hence, it is possible that the *Luther* case could end up back in federal court for merits adjudication.

[4]  Under Defendants' reasoning, *American Pipe* tolling would not be triggered unless the action *remained* in federal court after removal. Why so? Ironically, although Defendants protest that *Luther* is not a federal action, these are the same defendants who have already attempted to remove *Luther* to federal court once and who continue to assert that the claims belong in federal court.

4

Thus, the net result of Defendants' tolling argument is that Plaintiffs should file their Section 11, 12(2) and 15 claims in California state court where the *Luther* action is pending to avoid any cross-jurisdictional tolling issue. But that would mean that the 1933 Act claims would be litigated in California state court while the transactionally-related 1934 Act fraud claims would be litigated in this Court. We respectfully submit that this makes no sense whatsoever.

Plaintiffs therefore again request an opportunity to be heard on their motion for leave to amend. To the extent the Court thinks there is any merit at all to Defendants' tolling arguments, Defendants would be free to move to dismiss on statute of limitations grounds after the Third Amend Complaint has been served and filed. That way, the issue can be fully briefed and argued in the context of a motion to dismiss.

Respectfully submitted,

Daniel L. Brockett

cc: Defendants' counsel (via e-mail)

```
┌─────────────────────────────────┐
│ USDS SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:                           │
│ DATE FILED: 7-14-09              │
└─────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x

Foot Bridge Limited Trust
and OHP Opportunity Limited
Trust
                    Plaintiff(s),

                                                    09 Civ. 4050 (PKC)

      - against -

Country Wide Home Loans,                            ORDER FOLLOWING
Inc.                                                PRETRIAL CONFERENCE

                    Defendant(s).

------------------------------------------------x

As a result of a Pre-Trial Conference held today, it is ORDERED as follows:

The plaintiffs are granted leave to file a Second Amended Complaint to address the purported deficiencies set forth in defendants pre-motion letters.

1.   By _August 4_, 2009, the plaintiff(s) ~~the defendant(s)~~ ~~the parties~~ ~~shall~~ may file a Second Amended Complaint. Premotion conference waived for any motion directed to Second Amended Complaint.

2.   By _September 18_, 2009, ~~the plaintiff(s)~~ the defendant(s) may ~~the parties~~ ~~shall~~ file their motion. Joint Brief of 25 pages plus supplemental submissions from each defendant except that the Countrywide defendants shall count as one. Plaintiff shall have 85 PAGES to respond. Brief due October 28. (Plaintiff)

     _not to exceed 12 pages_

3.   ~~By~~ _____, 2009, ~~the plaintiff(s)~~ ~~the defendant(s)~~ ~~the parties~~ ~~shall~~ Any reply due ~~August 13~~ December 4.

2

4. The Court will take account that plaintiffs have been granted leave to file a Second Amended Complaint in response to prevision letters in deciding whether to grant further

5. leave to amend.

6.

7. ~~The Next Conference [the Final Pretrial Conference] will be held on~~ ~~20 at~~

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
7-14-09

# EXHIBIT E

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7-14-09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------x

*FOOT BRIDGE LIMITED TRUST AND OHP OPPORTUNITY LIMITED TRUST,*

        Plaintiff(s),

- against -

*COUNTRY WIDE HOME LOANS, INC,*

        Defendant(s).

09 Civ. 4050 (PKC)

ORDER FOLLOWING
PRETRIAL CONFERENCE

----------------------------------------x

As a result of a Pre-Trial Conference held today, it is ORDERED as follows:

*The plaintiffs are granted leave to file a Second Amended Complaint to address the purported deficiencies set forth on defendants pre-motion letter.*

1.  By *August 4*, 2009, the plaintiff(s) ~~the defendant(s) the parties shall~~ *may file a Second Amended Complaint. Premotion conference waived for any motion directed to Second Amended Complaint.*

2.  By *September 18*, 2009, ~~the plaintiff(s)~~ the defendant(s) *(may)* ~~the parties shall~~ *file their motion. Joint Brief of 25 pages plus supplemental submissions from each defendant except that the Countrywide defendants shall count as one. Plaintiffs shall have 85 PAGES to respond. Brief due October 28. (Plaintiffs!)*

*not to exceed 12 pages*

3.  ~~By _____, 2009, the plaintiff(s) the defendant(s) the parties shall~~ *Any reply due ~~Nov 13~~ December 4.*

2

4. The Court will take account that plaintiffs have been granted leave to file a Second Amended Complaint in response to premotion letters in deciding whether to grant further

5. leave to amend.

6.

7.    The Next Conference [the Final Pretrial Conference] will be held on
_____ 20__ at _____.

_____
P. Kevin Castel
United States District Judge

Dated:  New York, New York
        7-14-09