USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-23-09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
FOOTBRIDGE LIMITED TRUST AND OHP
OPPORTUNITY LIMITED TRUST,

                      Plaintiffs,           09 Civ. 4050 (PKC)

    -against-

                                    MEMORANDUM AND ORDER

COUNTRYWIDE HOME LOANS, INC.,
COUNTRYWIDE HOME LOANS
SERVICING LP, COUNTRYWIDE
SECURITIES CORP., CWABS, INC.,
CWABS ASSET-BACKED CERTIFICATES
TRUST 2006-SPS1, CWABS ASSET-
BACKED CERTIFICATES TRUST 2006-
SPS2, ANGELO R. MOZILO, DAVID
SAMBOL, BANK OF AMERICA CORP.
AND BAC HOME LOANS SERVICING, LP,

                      Defendants.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        Presently before the Court is plaintiffs' motion for leave to amend and to file a Third Amended Complaint ("TAC"). For the reasons set forth below, the plaintiffs' motion is denied.

BACKGROUND

        Plaintiffs, two hedge funds, commenced this action on April 23, 2009 against Countrywide Home Loans, Inc. and affiliated persons and entities. The original complaint asserted causes of action for (1) violations of Section 10(b) of the Exchange Act and Rule 10b-5, fraud and negligent misrepresentation against certain defendants; (2) violations of Section 20(a) of the Exchange Act against the individual defendants; and (3) successor liability against Bank of America.

On June 2, 2009, plaintiffs amended their complaint as of right, pursuant to Rule 15(a)(1), Fed. R. Civ. P. The Amended Complaint contained additional allegations relevant to the previously asserted claims and added a claim of successor liability against two additional defendants.

This Court requires a pre-motion conference before the filing of certain motions. (Individual Practices at 2.) On July 6, 2009, defendants wrote to the Court advising of the substance of the proposed motions to dismiss the Amended Complaint for failure to state a claim and failure to plead fraud with particularity. The letter detailed the several respects in which the defendants viewed the Amended Complaint to be deficient. At a pre-motion conference on July 14, 2009, the Court inquired whether plaintiffs wished to further amend their complaint in order to address these asserted deficiencies. The plaintiffs accepted the Court's invitation and sought leave to file a Second Amended Complaint ("SAC"), which was granted. On August 4, 2009, plaintiffs filed the SAC. Defendants were granted permission to file motions to dismiss addressed to the newly filed SAC.

On September 18, 2009, defendants filed their motions to dismiss the SAC. The motions were filed on behalf of eleven defendants represented by six law firms. Defendants' motions consisted of five memoranda of law, totaling 68 pages in length. Some 2,200 pages of exhibits, purportedly materials which a Court may consider on a motion to dismiss, were filed.

Nearly four weeks after receiving the defendants' motion, on October 14, 2009, plaintiffs wrote to the Court seeking permission to amend the complaint for a third time. The Court advised plaintiffs to file a formal motion to amend which is now before

the Court.

DISCUSSION

Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." The standard, although liberal, allows motions for leave to amend to be denied where the court finds "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , futility of amendment, etc." See Foman v. Davis, 371 U.S. 178, 182 (1962).

After receiving pre-motion conference letters in which defendants outlined what they perceived to be deficiencies in the First Amended Complaint, the Court invited plaintiffs to seek leave to amend the complaint for a second time. The Court granted leave to amend in a written order that explicitly provided that the "Court will take account that plaintiffs have been granted leave to file a Second Amended Complaint in response to pre-motion letters in deciding whether to grant further leave to amend." (Dkt. # 30.) This process was intended to allow the parties to avoid unnecessary expenditure of time, effort and expense in briefing a motion to dismiss, only to have plaintiffs seek leave to file a further amended complaint curing any deficiencies that were known and were curable at an earlier point in time. See In re Eaton Vance Mut. Fund Fee Litig., 403 F. Supp. 2d 310, 318-19 (S.D.N.Y. 2005) (Koeltl, J.) ("[T]he defendants and the Court were entitled to the plaintiffs' best effort at presenting their claims in response to the objections raised by the defendants" in their pre-motion conference letters.).

Plaintiffs' proposed TAC would add claims under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933. A class action asserting such claims against various

Countrywide defendants, including many of the defendants in this action, has been pending in California Superior Court since November 2007. <u>Luther v. Countrywide Fin. Corp.</u>, No. BC380698 (Cal. Super. Ct., County of Los Angeles). Plaintiffs were among those included in the putative class but elected to opt out of the class.[1] Plaintiffs had advised the Court that they intended "simply to transfer the claims from one pending federal action to another." (<u>See</u> Letter of Daniel L. Brockett, dated October 14, 2009.)

The proposed TAC is not as advertised in Mr. Brockett's letter of October 14, 2009. It contains material revisions to the existing claims, which are the subject of a filed motion to dismiss. The TAC contains revisions to the SAC on 111 out of 138 pages. Plaintiffs concede that the proposed amendments include "additional facts [that] support the proposed new claims under the 1933 Act and the existing claims." (Pl. Br. at 6.) Indeed, some of the additional factual allegations apply only to the pre-existing claims. (<u>See, e.g.</u>, TAC ¶¶ 255-59) (incorporating new facts to support scienter allegations in support of 10b-5 claims).

The defendants would be unfairly prejudiced if the proposed amendments were allowed during the pendency of the now filed motion to dismiss. By intermingling new factual allegations throughout the TAC, plaintiffs have made it impossible for any supplemental briefing to address only the newly added 1933 claims. The briefing, which this Court can safely and conservatively estimate cost clients hundreds of thousands of dollars to prepare, would largely be for naught.

---

[1] On June 12, 2008, a related securities class action was filed against various Countrywide defendants, including many of the defendants in this action, in California Superior Court, captioned <u>Washington State Plumbing & Pipefitting Pension Trust v. Countrywide Fin. Corp.</u>, No. BC392571. Specifically, two of the Countrywide securitizations—the SPS1 and SPS2 Securitizations—in which plaintiffs invested were the subject of that action. The <u>Luther</u> and <u>Washington</u> class action lawsuits were consolidated on October 16, 2008.

This is not a circumstance where unforeseen events or new information gave rise to the need to further amend during the pendency of the motion to dismiss. Plaintiffs admit that they "could have decided to opt out of Luther before the SAC was filed, [but] the fact remains that they did not make this decision until after the SAC was filed" and they "do not need to justify why they are bringing the claims now." (Pl. Reply Br. at 6-7.) Plaintiffs' decision to attempt to add these claims four weeks after receiving defendants' motions, coupled with their extensive proposed amendments to the claims that are the subject of the pending motions, suggests that this was a sharp tactic and one that would unfairly prejudice defendants and result in undue delay. The interests of justice do not require that leave to amend be granted in this circumstance.

Any prejudice to the plaintiffs is minimal because the 1933 Act claims are severable and may readily be asserted in a separate action. In the event that an action asserting these claims is filed in this district, the undersigned will accept them as related cases and discovery can be coordinated.

For the foregoing reasons, the plaintiffs' motion to amend is DENIED.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
November 20, 2009