UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FOOTBRIDGE LIMITED TRUST AND OHP OPPORTUNITY LIMITED TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS, INC., COUNTRYWIDE HOME LOANS SERVICING LP, COUNTRYWIDE FINANCIAL CORP., COUNTRYWIDE SECURITIES CORP., CWABS, INC., CWABS ASSET-BACKED CERTIFICATES TRUST 2006-SPS1, CWABS ASSET-BACKED CERTIFICATES TRUST 2006-SPS2, ANGELO R. MOZILO, DAVID SAMBOL, BANK OF AMERICA CORP., and BAC HOME LOANS SERVICING, LP,<br><br>Defendants. | Civil Action No. 09-cv-4050 (PKC)<br><br>ECF CASE<br><br>ORAL ARGUMENT REQUESTED |

**DEFENDANT DAVID SAMBOL'S REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS**

Dated: December 4, 2009

Lori Lynn Phillips, *pro hac vice*
701 Fifth Avenue, Suite 5700
Seattle, WA  98104
(206) 839-4300

Michael D. Torpey, *pro hac vice*
Penelope Graboys
405 Howard Street
San Francisco, CA  94105
(415) 773-5700

Orrick Herrington & Sutcliffe LLP
Attorneys for Defendant David Sambol

I.      **PLAINTIFFS FAIL TO STATE A CLAIM AGAINST MR. SAMBOL.**[1]

   A.   **The Statements Attributable to Mr. Sambol Are Inactionable.**

Mr. Sambol demonstrated in his opening papers that the only three statements attributable to him were not actionable. Sambol Mem. at 2-4. In opposition, Plaintiffs make no attempt to save the two alleged statements contained in Paragraph 172 of the SAC, which concern the manner in which Countrywide approved adjustable-rate mortgages and whether Countrywide was "on the sidelines" of the subprime market. With respect to the third, Plaintiffs contend Sambol's statement that Countrywide had "what we believe is best-of-class governance" and a culture "characterized by a very high degree of ethics and integrity in everything that we do," SAC ¶ 35, was not inactionable puffery because it was made "about a company practice [while] knowing that the complete opposite is true." Opp'n at 59. Plaintiffs cite as support only *Novak v. Kasaks*, 216 F.3d 300, 315 (2d Cir. 2000), but the statements at issue there were particularized representations that a company's inventory situation was in "good shape" or "under control" when the defendants knew that the company should have written down the value of approximately one-third of its inventory. *Id.* at 304, 315. This stands in stark contrast to the generalized statement Mr. Sambol allegedly made about Countrywide's culture and integrity. The Second Circuit routinely holds such statements to be inactionable puffery. Sambol Mem. at 3 & n.6 (collecting cases).[2]

   B.   **Plaintiffs Have Failed to Plead Mr. Sambol's Scienter.**

As indicated in Mr. Sambol's opening papers, Plaintiffs failed to plead scienter by means

---

[1] Mr. Sambol joins in Defendants' Joint Reply in Support of Their Motion to Dismiss the Second Amended Complaint ("Defendants' Joint Reply") and, to the extent applicable, the other Defendants' supplemental replies.

[2] Plaintiffs assert that other statements may be attributed to Mr. Sambol by means of the group pleading doctrine, but does not deny the split of authority within this District regarding the doctrine's applicability following the enactment of the Reform Act that has not yet been resolved in the Second Circuit. *Id.* at 4 n.7. For the reasons stated in Mr. Sambol's opening papers, the group pleading doctrine is fundamentally at odds with the particularized pleading requirements of the Reform Act and did not survive its enactment. *Id.* Indeed, every Circuit that has explicitly examined the issue has agreed. *See Southland Sec. Corp. v. INSpire Inc. Solutions Inc.*, 365 F.3d 353, 364-65 (5th Cir. 2004); *Winer Family Trust v. Queen*, 503 F.3d 319, 334-37 (3rd Cir. 2007); *Pugh v. Tribune Co.*, 521 F.3d 686, 693-94 (7th Cir. 2008). Further, Plaintiffs do not deny that, even if the doctrine survives, it does not relieve Plaintiffs of their burden to plead that the statements were actionably false or misleading and that Mr. Sambol acted with scienter. Sambol Mem. at 4 n.7.

of motive and opportunity because they did not (a) identify any motive not common to most corporate officers or (b) demonstrate how Mr. Sambol's stock sales were at all "unusual." *Id.* at 4-7. Plaintiffs apparently abandon the former. With respect to the latter, Plaintiffs simply repeat the SAC's allegations without attempting to distinguish Mr. Sambol's authorities or put forth any authority of their own. Accordingly, Plaintiffs' attempt to plead scienter by means of motive and opportunity fails for the reasons stated in Mr. Sambol's opening papers. *Id.*

Apparently recognizing the deficiencies in their attempt to plead motive and opportunity, Plaintiffs take issue with the principle that the burden of pleading scienter by means of conscious misbehavior is heightened when a plaintiff fails to adequately plead motive and opportunity. Opp'n at 60 n.27. Plaintiffs appear to contend that this rule does not apply in Rule 10b-5 cases because it was first articulated in a RICO case. Not only did the case Mr. Sambol cited for this proposition, *Kalnit v. Eichler*, 264 F.3d 131 (2d Cir. 2001), apply this principle in the Rule 10b-5 context, but no fewer than *four* of the cases Plaintiffs cite in their opposition apply the same rule in the Rule 10b-5 context.[3] Because Plaintiffs have failed to identify any apparent motive for Mr. Sambol to commit the alleged fraud, "the strength of the circumstantial allegations [of conscious misbehavior] must be correspondingly greater." *Kalnit*, 264 F.3d at 142 (internal quotation marks omitted).

Plaintiffs primarily argue that they have pled Mr. Sambol's scienter through allegations regarding a number of e-mails. For the reasons in Defendants' Joint Reply, these e-mails cannot demonstrate scienter as to *any* defendant, because they are unrelated to the securitizations and irrelevant to the alleged fraud. Further, Plaintiffs assert that "[t]he SAC identifies a number of emails where Countrywide executives—including . . . Sambol—admit that Countrywide had abandoned its historically strict underwriting standards," Opp'n at 33, but go on to identify *not a*

---

[3] *See Fishoff v. Coty Inc.*, No. 09 Civ. 628(SAS), 2009 WL 1585769, at *4 (S.D.N.Y. June 8, 2009); *SEC v. Espuelas*, 579 F. Supp. 2d 461, 473 (S.D.N.Y. 2008); *In re Take-Two Interactive Sec. Litig.*, 551 F. Supp. 2d 247, 270 (S.D.N.Y. 2008); *380544 Canada, Inc. v. Aspen Tech., Inc.*, 544 F. Supp. 2d 199, 221 (S.D.N.Y. 2008).

*single e-mail* authored by Mr. Sambol, much less one in which he "admit[s] that Countrywide had abandoned its historically strict underwriting standards." *Id.*

Plaintiffs' reliance on *In re Countrywide Financial Corp. Derivative Litigation*, 554 F. Supp. 2d 1044 (C.D. Cal. 2008), is similarly misplaced. That decision addressed demand futility in a derivative action by Countrywide shareholders, not fraud regarding disclosures relating to the specific MBS securitizations at issue here. It is Plaintiffs' burden to allege Mr. Sambol's scienter as to the fraud alleged in *this case*, which they have failed to do. *See Caiafa v. Sea Containers Ltd.*, 525 F. Supp. 2d 398, 411 (S.D.N.Y. 2007).

      **C.**      **Plaintiffs Must Plead Culpable Participation Under Section 20(a).**

Plaintiffs cite *In re BISYS Securities Litigation*, 397 F. Supp. 2d 430 (S.D.N.Y. 2005), for the proposition that culpable participation is not an element of their *prima facie* case of control-person liability under Section 20(a). Opp'n at 56-57, 62. Plaintiffs ignore, however, the subsequent authority from both the Second Circuit and this Court cited in the opening papers that expressly states that culpable participation is, in fact, required to establish a *prima facie* case of control liability under Section 20. *See* Sambol Mem. at 12 (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007)), Mozilo Mem. at 12 (citing *City of Sterling Heights Police & Fire Retirement Sys. v. Vodafone*, --- F. Supp. 2d ---, 2009 WL 1456846, at *10 (S.D.N.Y. May 20, 2009) (J. Castel)). As Plaintiffs have failed to plead that Mr. Sambol had any participation—much less culpable participation—in the drafting of the prospectus statements at issue, Plaintiffs' Section 20(a) claim also fails for this reason.

Dated: December 4, 2009            Respectfully submitted,

                                               Orrick, Herrington & Sutcliffe LLP

                                               By: s/ Lori Lynn Phillips
                                                   Lori Lynn Phillips, *pro hac vice*

                                             701 Fifth Avenue, Suite 5700
                                             Seattle, WA  98104
                                             (206) 839-4300
                                             Attorneys for Defendant David Sambol